UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHAEL JOHN SCELZA, 473610,

      Plaintiff,

  -against-

JASON PORTER, BRANDON NOLES,
LUKE MALONE,

      Defendants.
-------------------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 3 1 2023 ★

LONG ISLAND OFFICE

**ORDER**
23-CV-5825(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

  Before the Court is the *pro se* complaint of Michael John Scelza ("Plaintiff" or "Scelza") filed while incarcerated at the Suffolk County Correctional Facility ("SCCF") together with an application to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form ("PLA"). *See* Docket Entry "DE" 1-2. Upon review of Plaintiff's filings, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

**1. Summary of the Complaint**

  Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and names three inmates at the SCCF as the sole defendants, namely Jason Porter ("Porter"), Brandon Noles ("Noles"), and Luke Malone ("Malone" and collectively, "Defendants"). DE 1 at 1, and at 2 ¶ I. B. The complaint alleges that, during the lunch meal on December 1, 2022 at the SCCF's Riverhead location, Plaintiff "started to have burning pains in my throat, chest, nose and eyes" after eating about half of his lunch tray. (*Id.* at 5.) According

to the complaint, Malone and Porter served lunch that day and put cleaning products into his food. (*Id.* at 5-6.) Plaintiff claims to have felt confused and disoriented and noticed the smell of cleaning products coming from his food tray. (*Id.* at 5.) Plaintiff alleges that he reported this incident to a corrections officer who "did not believe me and walked away." (*Id.*) Plaintiff alleges that he "kept writing chits and telling staff but things got worse." (*Id.*) Later that day, Plaintiff describes that an Emergency Response Team "came up for a shake down and beat me with my cuffs on" while they were looking for drugs and Plaintiff noticed that one of the officers' breath smelled of alcohol. (*Id.*)

Plaintiff next claims that, on December 4, 2022, the Defendants again attempted to serve him a meal tray but Plaintiff refused that tray and requested a new one from a corrections officer. (*Id.* at 6.) Plaintiff alleges that the Defendants admitted to tampering with his meal tray on December 1, 2022 and said that did so because Plaintiff "was a rapo". (*Id.*) Plaintiff alleges that Malone laughed at Plaintiff when he discovered that $73 was taken from his cell and "thought it was funny to have my food poisoned" so "I splashed water on Luke Malone." (*Id.*) A sergeant then "came in with the S.E.R.T. and cuffed and beat me with punches to my body till my sneakers came off and threw me in the box for 70 days." (*Id.*) According to the complaint, Plaintiff again smelled alcohol on that officer and the officer said "he was going to kill me for raping little girls and boys." (*Id.*)

As a result of the foregoing, Plaintiff claims to have suffered damage to his eyesight. Plaintiff describes that his "eye sight went fuzzy" and that after a visit to the ophthalmologist at the SCCF, he was prescribed eyeglasses although he had had "20/20 vision his whole life." (*Id.* ¶ II.A.) For relief, Plaintiff seeks to recover a damages award in the sum of $2 million against SCCF. (*Id.* ¶ III.)

2

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### I.  *In Forma Pauperis*

Upon review of the IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee.   Therefore, the application to proceed IFP (DE 10) is granted.

### II.  Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).   Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y.

Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 "creates no substantive rights; it provides only a procedure for

redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519

(2d Cir. 1993).  To maintain a Section 1983 action, a plaintiff must show that the defendant (1)

acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution

or federal law.  *See id.*  The Court analyzes Plaintiff's Section 1983 claims below.

## I.    Lack of State Action

"[T]he United States Constitution regulates only the Government, not private parties."

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).  Thus, Plaintiff's Section 1983

claim against the Defendants, three fellow inmates at the SCCF, necessarily fail because the

4

Defendants are not state actors. *See Wing v. Myers*, No. 18-CV-11056, 2019 WL 6732967, at \*6 (S.D.N.Y. Dec. 11, 2019) (dismissing Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B) because the defendants "are inmates, and not state actors. As such, Plaintiff cannot reach their conduct in this lawsuit.") (citing *Wright v. Stallone*, No. 17-CV-487, 2018 WL 671256, at \*8 n.8 (N.D.N.Y. Jan. 31, 2018) (dismissing claims against three inmates who "are not state actors" in a § 1983 suit (citation omitted)); *Lewis v. Doe*, No. 13-CV-3190, 2013 WL 5923723, at \*1 (E.D.N.Y. Oct. 31, 2013) (dismissing the plaintiff's § 1983 claims against "another inmate, who is not a state actor"); *see generally Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and quotation marks omitted)). Although Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights, *Ciambriello*, 292 F.3d at 323-24, Plaintiff has not alleged that the Defendants conspired or jointly acted with a state actor to violate his constitutional rights.[1]

Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against the Defendants and these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

---

[1] In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324-25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999)). As is readily apparent, Plaintiff includes no such allegations.

they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in statue court.

**III.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution in light of Plaintiff's *pro se* status, he is granted leave to file an amended complaint in accordance with this order against a proper defendant. Plaintiff may reference any individual from whom relief by naming that defendant as "John Doe" or "Jane Doe" in the

amended complaint.   However, Plaintiff must include some facts concerning any such individuals pertaining to where, when and how they violated his rights such that their identities may be ascertained.[2]   Any amended complaint shall be filed within twenty-one (21) days from the date of this Order, shall clearly be labeled "Amended Complaint", and shall bear the same docket number as this Order, 23-CV-5825(GRB)(JMW). Plaintiff is advised that an amended complaint completely replaces the previous complaint. Therefore, Plaintiff must include all allegations he wishes to pursue against any defendant(s) in the amended complaint. Plaintiff is ON NOTICE: If an amended complaint is not filed within the time allowed, judgement shall enter without further notice and this case will be marked closed.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 2) is granted. However, complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).   Plaintiff is granted leave to file an amended complaint in accordance with this Order.   Any amended complaint must be labeled "Amended Complaint," bear the same docket number as this Order, 23-CV-5825(GRB)(JMW), and must be filed within twenty-one (21) days from the date of this Order. If Plaintiff does not file an amended complaint within the time allowed, judgement shall enter without further notice and this case will be marked closed.

The Clerk of the Court shall mail a copy of this Order to the *pro se* Plaintiff at his address

---

[2] Although Plaintiff has alleged that he seeks relief from SCCF in the relief section of the complaint (DE 1 at ¶ III), he did not name SCCF as a defendant.   However, given that "'[t]he Suffolk County Correctional Facility is not a suable entity.'" *Culpepper v. Suffolk Cnty. Corr. Facility*, No. 20-CV-4510, 2020 WL 7186765, at *3 (E.D.N.Y. Dec. 7, 2020) (quoting *McCallum v. Suffolk County Corr. Facility Riverhead*, No. 19-CV-4591, 2019 WL 6050234, at *2 (E.D.N.Y. Nov. 8, 2019); *also citing Schiff v. Suffolk County Police Dept.*, No. 12-CV-1410, 2015 WL 1774704, at *6 (E.D.N.Y. Apr. 20, 2015) ("[A]dministrative arms of a municipality cannot be properly sued under § 1983, as the municipality itself is the only proper defendant."); *Wiggins v. Suffolk County Corr. Facility*, No. 13-CV-0569, 2013 WL 1833260, at * 4 (E.D.N.Y. May 1, 2013)(same)), any Section 1983 claim against SCCF that may be liberally construed from the *pro se* complaint is not plausible.

of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

/s/Gary R. Brown

**SO ORDERED.**

**Gary R. Brown**
**United States District Judge**

Dated:      August 31, 2023
            Central Islip, New York

8